**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

TANNER CADE WHITE,

Plaintiff,

v. No. 2:25-cv-00740-KRS-JHR

J.B. HUNT TRANSPORT, INC.,

Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

THIS MATTER comes before the Court on Defendant J.B. Hunt Transport, Inc.'s motion for entry of a confidentiality and protective order. [Doc. 18]. Plaintiff responded, [Doc. 20], and Defendant replied, [Doc. 21]. Based on the parties' submissions and the record in this matter, the Court finds that Defendant has not satisfied its burden to show good cause for entry of a protective order. Accordingly, the Court denies Defendant's motion.

## I. PARTIES' ARGUMENTS

Defendant seeks a protective order on the ground that it "possesses confidential information and documents that have been requested in discovery that *could* affect its commercial position, legal rights, and privacy." [Doc. 18, at 3] (emphasis added). This is the only factual basis Defendant identifies in its motion for why a blanket protective order is necessary.

In response, Plaintiff argues that Defendant has failed to meet its burden of demonstrating good cause for the entry of an overbroad, blanket protective order. [Doc. 20, at 1–2]. Although the showing necessary to establish the plausibility that discovery contains confidential information may be generalized, Plaintiff contends that Defendant's conclusory assertion, standing alone, is insufficient to establish good cause. *Id*. at 2–3. Plaintiff further argues that Defendant should not

be permitted to cure this deficiency for the first time in reply by introducing new evidence, because Defendant was required to demonstrate good cause in its initial motion. *Id*. at 9.

In reply, Defendant attaches two discovery requests—Exhibit B—and argues that the requested responses would "clearly contain confidential and/or proprietary information that could affect its commercial position, legal rights, and privacy." [Docs. 21, at 1; 21-1, at 1].

Thus, the parties' dispute presents two related questions: whether Defendant's initial conclusory assertion was sufficient to establish good cause for the requested protective order and, if not, whether the Court should consider the "illustrative" discovery requests—Exhibit B—Defendant submitted for the first time with its reply as a basis for finding good cause.[1]

## II. APPLICABLE LAW

Rule 26(c) of the Federal Rules of Civil Procedure governs the issuance of a protective order. As relevant here, under Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). It is the party seeking a protective order who has the burden to show good cause. *Velasquez v. Frontier Med. Inc.*, 229 F.R.D. 197, 200 (D.N.M. 2005) (citing *Sentry Ins. v. Shivers,* 164 F.R.D. 255, 256 (D. Kan. 1996)).

In *Gillard*, the court explained that, after a threshold showing of good cause, blanket protective orders can serve several purposes that facilitate the efficient resolution of complex civil litigation. "[A] party must make some threshold showing of good cause to believe that discovery

[1] [Doc. 21, at 3 ("While not required to meet its burden, Defendant further illustrates this by attaching just two of the more than eleven discovery requests propounded by Plaintiff that seek documents that are confidential and propriety. *See* Exhibit B.")].

will involve confidential or protected information," which may be made on a generalized rather than document-by-document basis. *Gillard v. Boulder Valley Sch. Dist. Re.-2*, 196 F.R.D. 382, 386 (D. Colo. 2000). Once that showing is made, blanket protective orders can serve the interests of a "just, speedy, and less expensive determination of complex disputes" by reducing the need for repeated judicial intervention concerning the confidentiality of individual discovery responses. *Id.* Given the increasing complexity of civil cases and the workload of trial courts, "[b]lanket protective orders are essential to the functioning of civil discovery" because, absent such orders, "discovery would come to a virtual standstill." *Id.* at 386 (quoting *Bayer AG v. Schein Pharm., Inc.*, 162 F.R.D. 456, 465–66 (D.N.J. 1995) (in turn quoting *Kamyr AB v. Kamyr, Inc.*, 1992 WL 317529, at *5–6 (N.D.N.Y. Oct. 30, 1992))).

But the fact that a party may make a generalized showing does not eliminate the requirement that it make a showing. The threshold showing must still establish good cause through facts demonstrating why protection is warranted. As the Supreme Court has explained, good cause requires "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981); *see also S.E.C. v. Dowdell,* 144 Fed. Appx. 716, 723 n.2 (10th Cir. 2005). Accordingly, "[t]he good cause standard of 26(c) is not met by conclusory statements." *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003). Rather, "the party seeking a protective order must show that disclosure will result in a clearly defined and serious injury to that moving party." *Freedom From Religion Found., Inc. v. Williams,* No. CIV 05-1168 RLP/KBM, 2006 WL 8443814, at *3 (D.N.M. Aug. 10, 2006) (quoting *Exum v. United States Olympic Committee*, 209 F.R.D. 201, 206 (D. Colo. 2002).

## III. ANALYSIS

### *A. Defendant has not met its burden to show good cause.*

i. Defendant's statements are conclusory.

Whatever the precise contours of the threshold showing of good cause may be, Defendant has not made that showing here. The showing required to establish good cause for a contested blanket protective order is generalized, but it still requires a plausible basis for concluding that the discovery will involve confidential information. *See Marolf v. AyA Aguirre & Aranzabal S.A.*, No. 4:09CV3221, 2011 WL 855676, at *4 (D. Neb. Mar. 8, 2011). Although "generalized" and "plausible" set a relatively low bar, Defendant's conclusory statement that it "possesses confidential information and documents . . . that *could* affect its commercial position, legal rights, and privacy" does not clear it. [Doc. 18, at 3] (emphasis added).

Defendant's reply fares no better. There, Defendant asserts that Plaintiff's discovery requests "seek information that would affect [Defendant's] commercial position" and that, "[w]ith Defendant's explanation as to the confidential documentation it possesses, it is evident that Defendant's Motion meets the burden of good cause shown." [Doc. 21, at 2]. But Defendant never actually explains why the requested information would affect its commercial position, legal rights, or privacy, nor does it identify the confidential documents it possesses. Thus, even accepting Defendant's characterization of its showing, the purported "explanation" does not provide the Court with any factual basis for determining that the discovery will plausibly involve confidential information warranting protection.

ii. The movant in *S2 Automation* met its threshold burden to show good cause.

Defendant relies on *S2 Automation LLC v. Micron Technology, Inc.*, 283 F.R.D. 671 (D.N.M. 2012) and Rule 26(c)(1)(G) for support. [Doc. 18, at 2]. *S2 Automation*, however, is

readily distinguishable. There, the court found good cause based on two declarations establishing that the movant possessed sensitive commercial information concerning the Fab 12 facility, took significant precautions to protect that information, and faced potential harm to its "commercial position and legal rights" absent protection.[2] *Id.* at 681–82.

Defendant has made no comparable showing here. Unlike the party seeking protection in *S2 Automation*, Defendant has not provided evidence that it possesses sensitive commercial information, much less that it takes significant precautions to protect such information. Nor has Defendant identified any trade secrets or explained how disclosure of such information, or any other specific confidential research, development, or commercial information, would result in the type of harm contemplated by Rule 26(c)(1)(G).[3]

Defendant instead relies on the possibility that its discovery responses could contain information that "could affect" its commercial position, legal rights, or privacy. But without factual

---

[2] Micron Technology has shown good cause for entering a protective order. Gregory C. Tollefson, Senior Assistant General Counsel for Micron Technology, has stated the following in a declaration he has submitted with the Court:

> 6. Fab 12 has rigorous security and confidentiality procedures in place that are consistent with Micron's and Micron Israel's need to protect their intellectual property, manufacturing processes, and operations. For example, Fab 12 is restricted from the public and all employees, contractors or other visitors must be pre-screened and sign confidentiality agreements. These restrictive measures extend to subcontractors engaged by Micron Israel to perform services at Fab 12. Suppliers are required by Micron and its subsidiaries to sign non-disclosure agreements and, in the case of S2, sign additional agreements providing for confidentiality. As a supplier to Fab 12, S2 was subject to these strict confidentiality requirements.

*S2 Automation LLC,* 283 F.R.D. at 681–82.

[3] To the extent Defendant seeks protection for trade secrets, however, the Tenth Circuit has explained that a party seeking such protection "must first establish that the information sought is a trade secret and then demonstrate that its disclosure might be harmful." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1190 (10th Cir. 2009) (quoting *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981)).

support—like the declarations in *S2 Automation*—that assertion is precisely the type of conclusory statement that cannot establish good cause. As Plaintiff aptly puts it, "[Defendant] has not explained how a case about whether it can be held liable for a collision at a railroad crossing implicates any information related to its nonpublic and strategically confidential business, trade, or financial information." [Doc. 20, at 4].

iii. The movant in *Gillard* met its threshold burden to show good cause.

Defendant also argues, "[n]otably, the authority to which Plaintiff cites merely states that protective orders such as the one [Defendant] seeks to enter are 'routinely approved by the courts in civil cases.'" [Doc. 21, at 3] (citing *Gillard*, 196 F.R.D. at 386). Defendant reads *Gillard* too broadly. Although *Gillard* and *S2 Automation* recognize that blanket protective orders may be useful in complex cases[4], *Gillard* did not dispense with Rule 26(c)'s good-cause requirement. *Gillard*, 196 F.R.D. at 386; *S2 Automation LLC,* 283 F.R.D. at 686. To the contrary, the court expressly found that the defendants had made the requisite threshold showing of good cause before entering a blanket protective order.

*Gillard* involved the alleged repeated sexual assault of an eleven-year-old special-education student by a fourteen-year-old fellow student while on school property. *Id*. at 385. In granting the protective order, the court found that the defendants had "made a threshold showing

[4] *Gillard* recognized that blanket protective orders may facilitate discovery in complex cases, particularly where discovery would otherwise come to a standstill. *Gillard*, 196 F.R.D. at 386. Defendant has identified no comparable circumstances here. *See S2 Automation LLC*, 283 F.R.D. at 682 ("In the end, given the discovery stalemate, and the level of discovery that has ended up in S2 Automation's hands, it is important to get a reasonable protective order in place to facilitate the flow of documents."). Defendant has identified no discovery dispute, delay, or other circumstance suggesting that the absence of a protective order has caused or threatens to cause annoyance, embarrassment, oppression, or undue burden or expense. Nor has Defendant shown that this is the type of complex civil litigation in which a blanket protective order would be useful, that discovery has reached a standstill, or that the absence of a protective order has impeded the orderly progression of this case.

of good cause to believe that discovery will involve the disclosure of confidential information, including personnel records, school records with personally identifiable information about students, and juvenile delinquency records, all of which normally are required to be maintained confidentially." *Id.* at 386. Thus, the movant in *Gillard* identified specific categories of information that were likely to be confidential and explained why those materials warranted protection.

Here, Defendant states in its reply that Plaintiff seeks the "complete employee, personnel, and/or qualification file" of the deceased driver, along with various guidelines, training materials, handbooks, and similar documents. [Doc. 21, at 2]. But Defendant does not explain what information within those materials is confidential, why disclosure of that information would cause a clearly defined and serious injury, or why a blanket protective order is necessary to prevent that injury. Instead, Defendant's argument in its reply amounts to: "Plaintiff is requesting these records, and clearly they could contain information that warrants protection." Devoid of any factual support for this contention—unlike the showing in *Gillard* that juvenile records are ordinarily maintained as confidential—the mere possibility that a discovery response may contain some information requiring protection does not, without more, establish good cause for a blanket protective order covering all discovery produced in this case.

Accordingly, *Gillard* does not establish that blanket protective orders are appropriate merely because discovery may contain some confidential information. Rather, *Gillard* confirms that even where a blanket protective order is appropriate, the party seeking it must first make the threshold showing of good cause required by Rule 26(c). Defendant has not done so here.

iv. Other case comparisons demonstrate that Defendant fell short of its burden.

Other persuasive authority likewise demonstrates that Defendant's showing is insufficient. Courts have found the threshold satisfied where the movant identified the specific type of confidential information at issue and explained how disclosure could cause a concrete competitive or other injury. *See Carter on behalf of Est. of Burton v. UZGlobal LLC*, No. 1:23-CV-01013-MV-JHR, 2025 WL 2841101, at *2 (D.N.M. Oct. 7, 2025) (finding a sufficient generalized showing where Amazon explained that disclosure of its business strategies, including its rapid order-fulfillment and shipping practices, could undermine its competitive advantage); *see also Juarez v. Lowe's Home Centers, LLC*, No. CV 18-828 JCH/SCY, 2019 WL 13221422, at *2 (D.N.M. Apr. 11, 2019) ("Lowe's has met this threshold showing [of good cause] by identifying specific policies and training manuals which it contends it does not routinely disclose to the public or its competitors.").

By contrast, courts have rejected protective orders where the movant merely characterized unspecified documents as confidential or proprietary without identifying the information at issue or explaining the harm that disclosure would cause. *See Reed v. Bennett*, 193 F.R.D. 689, 691–92 (D. Kan. 2000) (concluding that defendant failed to meet the good-cause standard where it did not identify specific documents or types of documents to be protected); *Freedom From Religion Found., Inc. v. Williams*, No. CIV 05-1168 RLP/KBM, 2006 WL 8443814, at *6–7 (D.N.M. Aug. 10, 2006) (denying a protective order where the movant failed to demonstrate serious injury sufficient to justify an umbrella protective order and made little to no showing of good cause); *Levy v. Costco Wholesale Corp.*, No. CV 09-987 WLP/RLP, 2010 WL 11622777, at *3 (D.N.M. June 7, 2010) ("To the extent Costco infers that it is entitled to a protective order based on its contention that the contract is proprietary, it had the burden of doing more than simply claiming that it is

proprietary and confidential."); *McDonald-Cuba v. Santa Fe Protective Servs., Inc.*, No. CV 09-0554 WJ/DJS, 2009 WL 10675925, at *1 (D.N.M. Nov. 24, 2009) (same).

The distinction running through these cases is straightforward. A party seeking a blanket protective order need not identify and justify every document that may ultimately be produced. But it must provide enough factual information for the Court to conclude that the discovery plausibly will involve confidential or protected information and that disclosure could result in a cognizable harm. Defendant has not done so. Accordingly, Defendant has failed to make even the threshold showing of good cause required for entry of the requested blanket protective order.

***B. Exhibit B does not cure Defendant's failure to establish good cause.***

The Court need not decide whether, or to what extent, it should consider Exhibit B, which Defendant submitted for the first time with its reply, in support of its assertion that Plaintiff's discovery requests would "clearly contain confidential and/or proprietary information that could affect its commercial position, legal rights, and privacy." [Docs. 21, at 1; 21-1, at 1]. Even if the Court considers Exhibit B and Defendant's new argument, Defendant still fails to include factual support to identify any specific confidential information or explain how its disclosure would cause a clearly defined and serious injury.

The discovery requests attached as Exhibit B fall far short of the detailed declarations in *S2 Automation*, which established the specific security and confidentiality measures protecting the movant's manufacturing facility and the concrete harm that disclosure could cause to its "commercial position and legal rights." 283 F.R.D. at 681–82. To be sure, a party need not provide evidence as detailed as the declarations in *S2 Automation* to establish good cause. But Defendant must still provide some factual basis for its claim that the requested discovery implicates confidential information warranting protection. Exhibit B provides no such basis. Thus, even

considering Exhibit B, Defendant has failed to establish good cause for the requested blanket protective order.

## IV. CONCLUSION

The decision to enter a protective order is within the court's discretion. *Thomas v. International Bus. Mach.,* 48 F.3d 478, 482 (10th Cir.1995). For the reasons above, the Court DENIES Defendant's Motion for a Protective Order. [Doc. 18]. However, the denial of Defendant's motion is without prejudice to Defendant's right to move for a protective order in respect to specifically described discovery materials and supported by a factual showing of good cause for restraining Plaintiff in his use of those materials.

HON. JERRY H. RITTER
United States Magistrate Judge